THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD KUNCE, Defendant-Appellee.

Third District   No. 3—89—0167

Opinion filed January 30, 1990.

Raymond Kimbell III, State's Attorney, of Galesburg (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Catherine Fitzsimmons, of State Appellate Defender's Office, of Ottawa, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Richard Kunce, was charged with failing to notify the coroner of a death subject to investigation. (Ill. Rev. Stat. 1987, ch. 31, par. 10.6.) The trial court subsequently granted his motion to dismiss the charge, finding that it was barred by the applicable statute of limitations. The State appeals.

The record shows that on May 12, 1979, Carole Stevens' husband died. Carole thereafter kept her husband's body in a bedroom, apparently believing that despite numerous signs of death he was merely in a coma. In May of 1980, the defendant first visited Carole's house and at that time saw her husband's body. Between then and September of 1986, he visited on a number of occasions, often seeing the body. In September of 1986, the defendant moved into Carole's house as a guest. The evidence was uncontradicted, however, that at no time did he exercise any control or custody over the body. In fact, he never even made any suggestions relating to it. On January 29, 1988, the police removed the body from the house.

The trial court found that the 18-month statute of limitations had expired prior to the filing of the charge against the defendant. The State argues on appeal that the failure to report a death is a continuing offense for which the statute of limitations did not begin running until the State discovered the body.

We note that the issue before this court is the correctness of the trial court's ruling, not of its reasoning. (*People v. Tobe* (1971), 49 Ill. 2d 538, 276 N.E.2d 294.) With that in mind, we find that we need not reach the question of whether the statute of limitations ran, because it is clear that the defendant was not within the class of persons subject to prosecution for failing to notify the coroner of a death subject to investigation.

The statute under which the defendant was charged provides:

"Every law enforcement official, funeral director, ambulance attendant, hospital director or administrator or person having custody of the body of a deceased person, where the death is one subject to investigation under Section 10 of this Act, and any physician in attendance upon such a decedent at the time of his death, shall notify the coroner promptly. Any such person failing to so notify the coroner promptly shall be guilty of a Class A misdemeanor, unless such person has reasonable cause to believe that the coroner had already been so notified." Ill. Rev. Stat. 1987, ch. 31, par. 10.6.

The unrebutted evidence showed that the defendant was not a law enforcement official, funeral director, ambulance attendant, hospital director or administrator, or physician attending the deceased. Further, all of the evidence showed that he did not have custody of the body. Under these circumstances, we find that the defendant was not legally obligated to report the death and therefore the trial court correctly dismissed the charge against him.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.